UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTY WHITE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUSAN E. BINDLER, et al.,<br><br>　　　　　　Defendants. | Case No. 25-cv-08605-JST<br><br>**ORDER DENYING EMERGENCY MOTION FOR PROTECTIVE ORDER**<br><br>Re: ECF No. 2 |

Before the Court is Plaintiff Scotty White's emergency motion for a protective order. ECF No. 2. The Court will deny the motion.

White brings this case against various court employees of the United States Supreme Court, the Eight Circuit Court of Appeals, and the Cape Girardeau Missouri District Court. ECF No. 1 at 2. While the allegations of the complaint are difficult to follow, White alleges that "The Governor of Missouri and the Missouri Department of Missouri [sic] made false and fraudulent charges against plaintiffs, and the clerks of the courts are being instructed not to docket filings and to dismiss motions that impede filings in Missouri and Washington, D.C." *Id.* at 3; *see also id.* at 4 ("The Eighth District clerks are refusing to docket filings, dismissing motions, and making rulings to prevent the cases from proceeding. The governor of Missouri and DOJ of Missouri are making false fraud charges against the plaintiffs impeding their ability to seek justice in Missouri Courts."). He purports to bring his claims on his own behalf as well as on behalf of named plaintiffs Cheryl Bullock, Richard Ethridge, Judy Redmond, Kevin C. Ellis, and Tracie Eudailey. *Id.* at 1. He focuses particularly on orders issued by the Eighth Circuit he believes were issued in error and the actions of court clerks in refusing to docket materials submitted by the plaintiffs. *Id.* ¶¶ 10–12.

White also alleges that he was "named in a proposed removal from federal employment" due to various charges of insubordination and illegal conduct filed by the Department of Homeland Security. ECF No. 2 at 1–2. White alleges that his efforts to respond to these charges have been unsuccessful because the clerk of the court has refused to process his application for an emergency protective order. *Id*. at 2–3.

In his motion, White requests that the Court enter an emergency protective order to protect him against the "ongoing retaliation, false charges, and procedural obstruction" in "the Missouri District Court" by an attorney with the Missouri Department of Justice. ECF No. 2 at 1. He asks the Court to (1) prohibit the DOJ attorney and other members of DOJ from pursuing retaliatory actions related to the litigation; (2) direct the clerk of court to process White's emergency motions; (3) prevent defendants from making false statements about him; (4) consider the filing of fraud charges against him by the Department of Homeland Security as evidence of retaliation; (5) exercise oversight over the court in Missouri to ensure that administrative and procedural requirements do not impede his access to the court; and (6) order other relief to ensure Plaintiff's safety. *Id.* at 2–4.

The Court construes White's emergency motion for protective order as a motion for a temporary restraining order. The Court will deny the motion, for several reasons. First, Civil Local Rule 65-1 requires that a motion for temporary restraining order be accompanied by a declaration by the moving party "certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided." Civ. L.R. 65-1(a)(5). White's motion is denied because he failed to demonstrate that he provided the required notice or was unable to do so.

On the merits, the Court denies White's motion because he has not identified any cognizable statutory or common law basis for relief. He has not explained why this Court has jurisdiction over events transpiring in Missouri. He has not shown why, even if the Court did have jurisdiction, it would interfere with ongoing proceedings in another court. *See Robinson v. Jardine Ins. Brokers Int'l Ltd.*, 856 F. Supp. 554, 559–60 (N.D. Cal. 1994) ("As a general principle, one court will not interfere with or try to restrain proceedings in another court in an

1  ordinary action in personam.").

2  For all these reasons, the Plaintiff's motion is denied.

3  **IT IS SO ORDERED.**

4  Dated: October 17, 2025



JON S. TIGAR
United States District Judge