UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTY LEE WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUSAN E. BINDLER, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-08605-JST<br><br>**OMNIBUS ORDER STRIKING AMENDED COMPLAINTS, DISMISSING OPERATIVE COMPLAINT, AND DENYING PENDING MOTIONS AS MOOT**<br><br>Re: ECF No. 11, 32, 34, 36, 37, 38, 39, 41, 43, 46, 48 |

On October 8, 2025, Plaintiff Scotty White filed a complaint in this case against Defendants Susan E. Bindler, Cape Girardeau, Maureen W. Gornik, Scott S. Harris, Christy M. Hency, Rush H. Limbaugh, III, and the Missouri District Court. ECF No. 1. He thereafter filed amended complaints on December 10, 2025, ECF No. 32; December 11, 2025, ECF No. 36; December 18, 2025, ECF No. 43; and January 12, 2026, ECF No. 46.

Rule 15(a)[1] provides that:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a). Rule 15(b) makes clear that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. 15(b). Accordingly, White was entitled to file the amended complaint at ECF No. 32 as a matter of course, but was not entitled to file any of his subsequent complaints because he did not obtain leave of court. The complaints at ECF Nos. 36, 43, and 46 are hereby stricken. The amended

---

[1] All references to "Rules" are to the Federal Rules of Civil Procedure unless stated otherwise.

complaint at ECF No. 32 (hereafter "the complaint") is the operative complaint in this action.[2]

Turning to that pleading, the Court finds that the operative complaint fails to conform to the requirements set forth in Rule 8. That rule requires that a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought."

The complaint is neither short nor plain. The body of the complaint is 164 pages long, and it attaches 27 pages of exhibits. The complaint is largely incomprehensible. The many unrelated topics on which the complaint touches include a case filed by nominal plaintiff Cheryl Bullock in the United States District Court for the District of Columbia; an apparently different lawsuit pending in the United States District Court for the Eastern District of Missouri; motion practice in the United States Court of Appeals for the Eighth Circuit; alleged derogations of duty by employees of that circuit court, including "denial of petitions for writs of mandamus without cause, failure to respond to requests for clarification regarding returned filings, improper return of filing fees, unauthorized changes of judicial assignment, and threats to dismiss cases based on undocketed summonses"; violations of the Rules of Civil Procedure and the local rules of the United States District Court for the Eastern District of Missouri; and the submission by "hundreds of individuals" of "formal notices of grievance, rebuke, and remonstrance addressed to officials including Donald Trump, Pam Bondi, Neil Gorsuch, Clarence Thomas, John Roberts, Amy Coney Barrett, Samuel Alito, Sonia Sotomayor, Brett Kavanaugh, Ketanji Brown Jackson, Elena Kagan, Ashanda, and Katie Hendrick." ECF No. 32.

It is impossible for the Court to determine from these allegations what happened, much less whether the complaint states cognizable claims. In the order denying White's "emergency motion for protective order," which was based on a prior complaint, the Court observed that White's complaint "fails to present any cognizable statutory or common law basis for relief." ECF No. 9 at 1–2. The same is equally true of the amended complaint. "[T]he Court is not obligated to endlessly sift through plaintiff's rambling, confusing, repetitive factual allegations in an attempt to

---

[2] Although White titled the filing at ECF No. 32 as "Amended Complaint 3rd," it appears to be the first amended complaint.

2

1   construct cognizable claims on plaintiff's behalf." *Polk v. Beard*, No. EDCV 13-1211-BRO, 2014
2   WL 4765611, at *5 (C.D. Cal. June 20, 2014), *report and recommendation adopted*, No. EDCV
3   13-1211-BRO RNB, 2014 WL 4757503 (C.D. Cal. Sept. 24, 2014), *aff'd*, 692 F. App'x 938 (9th
4   Cir. 2017).  The complaint also fails to show grounds for jurisdiction in this Court, given that the
5   events described seem to have occurred exclusively in either Missouri or the District of Columbia.
6   ECF No. 32.  White also attaches extensive evidence to his complaint, none of which support his
7   claims for relief.  ECF No. 32-1–6.

8   ""[A] court . . . may dismiss a complaint sua sponte under Rule 8 on the ground that the complaint 'is so confusing that its true substance, if any, is well disguised.'" *Glendale Outpatient Surgery Ctr. v. United HealthCare Servs. Inc.*, No. 2:18-CV-10550-SVW-SS, 2019 WL 8888305, at *1 (C.D. Cal. Mar. 26, 2019) (quoting *Trevizo v. Webster*, No. CV 17-5868-MWF (KS), 2018 WL 6137625, at *4 (C.D. Cal. Nov. 20, 2018)) (internal citations omitted).  "[A] complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8." *Washington v. City of Glendale Police Dep't*, No. 2:18-CV-06519-CBM(MAA), 2019 WL 13243998, at *1 (C.D. Cal. Apr. 4, 2019) (citing *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011)).  The Court will dismiss White's complaint because it fails to comply with Rule 8.

The Court grants leave to amend.  Plaintiff may file an amended complaint within 21 days.  Plaintiff is also counseled to specify only the Defendants he currently intends to sue in the new complaint and file a proposed summons only for the Defendants included in the amended complaint.

White has also filed 21 motions over the past three months.  These motions largely suffer from the same problems identified above with White's complaint.  Furthermore, because there is no longer an operative pleading, the pending motions are moot, and the Court denies them on that basis.  Plaintiff is directed not to file any additional documents until the amended complaint is filed.  Plaintiff is advised that a future complaint that again fails to comply with Rule 8 may be dismissed with prejudice.  *Nicolescu v. United Nations Org.*, No. CV 04-2720 NM, 2005 WL 8156275, at *3 (C.D. Cal. Feb. 2, 2005) ("Courts in the Ninth Circuit have dismissed such

3

1 complaints with prejudice, after a plaintiff has been given one or more opportunities to comply
2 with Rule 8.") (citation modified).
3      For the foregoing reasons, the Court orders as follows:
4      1.    The complaints at ECF Nos. 36, 43, and 46 are stricken.
5      2.    The amended complaint at ECF No. 32 is dismissed with leave to amend. Within
6 21 days of the order, Plaintiff must either: (1) file an amended complaint that complies with Rule
7 8; or (2) advise the Court that Plaintiff does not intend to file an amended complaint.
8      3.    The Court denies the motions at ECF Nos. 11, 34, 37, 38, 39, 41, and 48 as moot.
9      4.    The case management conference scheduled for January 20, 2026 is continued to
10 April 28, 2026 at 2:00 p.m. An updated case management statement is due April 21, 2026.

**IT IS SO ORDERED.**

Dated: January 14, 2026



JON S. TIGAR
United States District Judge