UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTTY LEE WHITE,

Plaintiff,

v.

SUSAN E. BINDLER, et al.,

Defendants.

Case No. 25-cv-08605-JST

**ORDER DENYING MOTION TO STAY**

Re: ECF No. 51

On February 3, 2026, Plaintiff Scotty White filed a motion requesting the Court to issue a stay pending resolution of the pending the reopening of the Merits Systems Protection Board and "resolution of jurisdictional issues related to alleged clerk misconduct." ECF No. 51 at 1–2.

District courts have inherent power to stay proceedings in order to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court, in evaluating a motion to stay, must weigh the competing interests at stake. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among the competing interests are: (1) the possible damage that may result from a stay; (2) the hardship or inequity a party may suffer by being required to proceed; and (3) the stay's potential effect on the orderly course of justice, measured in terms of simplifying or complicating issues, proof, and questions of law. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The burden is on the movant to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

/ / /

/ / /

/ / /

White has not demonstrated why a stay is merited.  Neither the MSPB proceedings related to White's employment in Missouri nor White's spurious allegations of misconduct by Clerk's Office employees provide grounds for a stay in this case.  The Court will deny the motion for a stay.

**IT IS SO ORDERED.**

Dated:  February 4, 2026



———————————————————
JON S. TIGAR
United States District Judge